*In re* C.M., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. Carl Maxwell, Respondent-Appellant).

Fourth District    No. 4—04—0356

Opinion filed August 24, 2004.

Daniel B. Kennedy, of Champaign, for appellant.

John C. Piland, State's Attorney, of Urbana (Norbert J. Goetten and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE APPLETON delivered the opinion of the court:

Respondent, Carl Maxwell, appeals from the order of the trial court, finding his son, C.M., age two, abused and dependent and making him a ward of the court. 705 ILCS 405/2—3(2)(ii), 2—4(1)(a), 2—22(1) (West 2002). Specifically, respondent argues the statutory section that allowed the court to admit a minor's out-of-court statement to support its finding of abuse is unconstitutional. We affirm.

## I. BACKGROUND

On December 11, 2003, Heather Forrest, a child-protection investigator for the Department of Children and Family Services (DCFS), responded to a hot line report that C.M.'s half brother, D.C., age six, had marks and bruises on his body. Forrest arrived at D.C.'s school and observed several bruises and scratches on his lower back that appeared to have been recently inflicted and two loop marks on each of his sides that appeared to be older. D.C., a special needs child,

did not have the verbal skills to tell Forrest how the marks were inflicted. However, his teacher said D.C. had been very "clingy" that day and made gestures like he was hitting something while saying, "I'm going to whip your ass." Forrest and Alex Meyer, a Rantoul police officer, spoke with D.C.'s mother, Terria Perkins. Perkins initially told Forrest and Officer Meyer that D.C. had gotten into a fight with his cousin the night before.

Forrest and Officer Meyer wanted to see Perkins's other children, T.C., age four, and C.M. Perkins said they were at their baby-sitter's house in Champaign. Forrest went to the Champaign address given by Perkins, but no one answered the door. Forrest called Perkins's residence to verify the address. A man answered the phone and identified himself as Charles Lake, Perkins's boyfriend's cousin. Lake said he had been home with the children all day. Officer Meyer and Forrest went back to Perkins's house to speak with her. She told Forrest no one answered at the Champaign address because they probably did not want to get involved with DCFS. She said T.C. and C.M. had arrived home early, and the man that answered the phone was her friend, Michael Ward. Ward told Officer Meyer he gave the name Lake because he did not know what was going on and was nervous.

Forrest spoke with T.C., who said that respondent had grabbed D.C. by his shirt and hit him. Officer Meyer discovered that Charles Lake, a/k/a Michael Ward, was actually respondent. He was arrested. Only then did Perkins admit that respondent had hit D.C. the night before, but she claimed it was a disciplinary measure because D.C. was trying to bite people. She said she saw respondent hit D.C. but did not think he hit him very hard. The children were taken into protective custody.

On December 12, 2003, the State filed an adjudication of wardship petition in Champaign County against Perkins, respondent, and Daniel C. (T.C. and D.C.'s father), alleging, *inter alia*, the minors were abused because Perkins and respondent created a substantial risk of physical injury to them. See 705 ILCS 405/2—3(2)(ii) (West 2002). The State dismissed the other counts alleged in the petition.

At the adjudicatory hearing, respondent stipulated to the evidence, which included Forrest's shelter-care report, Officer Meyer's police report, photographs of D.C.'s injuries, and a report by Dr. Buetow, the pediatrician who examined D.C. Dr. Buetow opined that D.C.'s injuries were consistent with physical abuse. The shelter-care report and the police report set forth the events summarized above.

On March 15, 2004, the trial court held a dispositional hearing. The court filed a dispositional order and found respondent unfit to care for C.M. for reasons other than financial circumstances alone and made C.M. a ward of the court. This appeal followed.

## II. ANALYSIS

All proceedings under the Juvenile Court Act of 1987 (Juvenile Act) (705 ILCS 405/1—1 through 7—1 (West 2002)) are brought in the best interests of the child involved and should not be undertaken lightly. *In re S.S.*, 313 Ill. App. 3d 121, 126, 728 N.E.2d 1165, 1169 (2000). At an adjudicatory hearing, a trial court must determine whether a minor is abused, neglected, or dependent. The State must prove its allegations by a preponderance of the evidence. 705 ILCS 405/2—18(1) (West 2002). A trial court's finding is afforded great deference and will not be disturbed unless it is contrary to the manifest weight of the evidence. *In re A.P.*, 179 Ill. 2d 184, 204, 688 N.E.2d 642, 652 (1997).

■ Under the Juvenile Act, a child is abused if the child resides with a parent who creates a substantial risk of physical harm to him by other than accidental means. 705 ILCS 405/2—3(2)(ii) (West 2002). A parent's behavior toward one minor may be considered when deciding whether a sibling is exposed to an injurious environment. *In re M.D.H.*, 297 Ill. App. 3d 181, 189, 697 N.E.2d 417, 422 (1998).

Respondent claims the evidence presented at the adjudicatory hearing, which led to the trial court's finding of abuse, did not sufficiently prove by clear and convincing evidence that he abused D.C. Especially, he argues, since the evidence included an out-of-court statement made by T.C., which, despite the provisions of section 2—18 of the Juvenile Act, should not have been admitted because it violated his sixth amendment right to confront witnesses against him (see U.S. Const., amend VI). Respondent claims section 2—18 is unconstitutional in light of *Crawford v. Washington*, 541 U.S. 36, 158 L. Ed. 2d 177, 124 S. Ct. 1354 (2004).

■ Section 2—18(4)(c) of the Juvenile Act permits the trial court to consider and admit into evidence previous statements made by a minor relating to allegations of abuse. 705 ILCS 405/2—18(4)(c) (West 2002). Citing *Crawford*, respondent claims this section belies his right to confront witnesses and is therefore unconstitutional.

In *Crawford*, the Supreme Court held that out-of-court statements made by a witness, including preliminary hearing, former trial, or grand jury testimony and statements made to police during interrogations, were barred by the sixth-amendment confrontation clause. *Crawford*, 541 U.S. at 68, 158 L. Ed. 2d at 203, 124 S. Ct. at 1374. Respondent urges this court to consider the appropriateness of admitting a minor witness's out-of-court statements in light of *Crawford*.

■ Respondent's argument fails. This court has previously held that a proceeding under the Juvenile Act constitutes a civil proceeding—meaning that no sixth amendment right to confront witnesses is

implicated. *M.D.H.*, 297 Ill. App. 3d at 186-87, 697 N.E.2d at 421. Further, we find the record reveals that T.C.'s version of the events was corroborated by Dr. Buetow's report. In addition, Perkins finally admitted to Forrest that she saw respondent hit D.C. We find this evidence (to which respondent stipulated at the adjudicatory hearing) was sufficient to support the trial court's finding of abuse. Because we find no error in the court's consideration of T.C.'s out-of-court statement, we affirm the court's judgment.

## III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

TURNER and McCULLOUGH, JJ., concur.